**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| PATRICIA PATTERSON,          )  | |
| ) | CASE NO.    5:09-cv-1566 |
| Plaintiff,          ) | |
| ) | |
| v.          ) | MAGISTRATE JUDGE VECCHIARELLI |
| ) | |
| COMMISSIONER OF SOCIAL          ) | |
| SECURITY ADMINISTRATION,          ) | ORDER |
| ) | DOC. NO. 21 |
| Defendant.          ) | |

This case is before the magistrate judge by the consent of the parties.  Before the court is the motion for attorney's fees of counsel for plaintiff, Patricia Patterson ("Patterson"), pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"), including a request that the award be paid directly to plaintiff's counsel.  Doc. No. 21.  The Commissioner does not object to payment of attorney's fees pursuant to EAJA in this case, nor does the Commissioner object to the amount of fees requested, *viz.* $1,950.00 for 15.60 hours work.  The Commissioner does request, however, that the court order the fees be paid directly to plaintiff, rather than to her counsel, pursuant to *Astrue v. Ratliff*, ___ U.S. ___, 130 S. Ct. 2521 (2010).

The court finds that the requested fees of $1,950.00, representing 15.60 hours of work at a rate of $125.00 an hour, is appropriate and reasonable.  The court therefore awards $1,950.00 in attorney fees pursuant to EAJA.

The Commissioner argues that *Ratliff* requires the court to order this award paid to Patterson directly, rather than to her attorney. The court disagrees. In *Ratliff*, the plaintiff owed the government a debt which the government satisfied by withholding a portion of plaintiff's award of attorney's fees pursuant to EAJA. Plaintiff's attorney, Ratliff, argued that the statute and customary practice determined that the attorney is the one entitled to receive the award, not the plaintiff. The Supreme Court held that the plain language of the statute stated that the plaintiff is entitled to an award of attorney's fees pursuant to EAJA, not the plaintiff's attorney. In *Ratliff*, however, there was no indication that the plaintiff had assigned her right to a fee to her attorney. Indeed, the court set apart cases involving an assignment of EAJA fees in discussing the history of payments made pursuant to EAJA and the interpretation of similar statutes:

> The Government concedes that until 2006, it "frequently paid EAJA fees in Social Security cases directly to attorneys." Reply Brief for Petitioner 13. But this fact does not alter our interpretation of subsection (d)(1)(A)'s "prevailing party" language or the Government's rights and obligations under the statute. As the Government explains, it most often paid EAJA fees directly to attorneys in cases in which the prevailing party had assigned its rights in the fees award to the attorney (which assignment would not be necessary if the statute rendered the fees award payable to the attorney in the first instance). The fact that some such cases involved a prevailing party with outstanding federal debts is unsurprising given that it was not until 2005 that the Treasury Department modified the TOP to require offsets against "miscellaneous" payments such as attorney's fees awards. And as Ratliff admits, the Government has since continued the direct payment practice only in cases where "the plaintiff does not owe a debt to the government and assigns the right to receive the fees to the attorney." Brief for Respondent 28 (boldface deleted). The Government's decision to continue direct payments only in such cases is easily explained by the 2005 amendments to the TOP, and nothing about the Government's past payment practices altered the statutory text that governs this case or estopped the Government from conforming its payment practices to the Treasury Department's revised regulations. . . .
>
> Our cases interpreting and applying 42 U.S.C. § 1988, which contains language virtually identical to the EAJA provision we address here, buttress this conclusion.

2

> Our most recent cases applying § 1988(b)'s "prevailing party" language recognize the practical reality that attorneys are the beneficiaries and, almost always, the ultimate recipients of the fees that the statute awards to "prevailing part[ies]." See, *e.g., Venegas v. Mitchell,* 495 U.S. 82, 86, 110 S.Ct. 1679, 109 L.Ed.2d 74 (1990). But these cases emphasize the nonstatutory (contractual and other assignment-based) rights that typically confer upon the attorney the entitlement to payment of the fees award the statute confers on the prevailing litigant.

*Ratlife*, 130 S. Ct. at 2528-29 (footnote omitted).  *Ratliffe* apparently set apart from its holding cases in which a plaintiff had contractually assigned EAJA fees to the plaintiff's attorney.

> *Venegas*, a case interpreting § 1983 and quoted above by *Ratliffe*, taught as follows:
>
> We have . . . accepted, at least implicitly, that statutory awards of fees can coexist with private fee arrangements.  See also *Delaware Valley II,* 483 U.S., at 726, 107 S. Ct., at 3087 (plurality opinion); *id.,* at 749, 107 S. Ct., at 3099 (BLACKMUN, J., dissenting).  And just as we have recognized that it is the party's entitlement to receive the fees in the appropriate case, so have we recognized that as far as § 1988 is concerned, it is the party's right to waive, settle, or negotiate that eligibility. See *Evans v. Jeff D., supra,* 475 U.S., at 730-731, 106 S. Ct., at 3089-3090.

*Venegas*, 495 U.S. at 88.  As the Supreme Court regards § 1988 as "virtually identical to the EAJA provision we address here" and instructive in interpreting EAJA with regard to the award of attorney's fees, this court concludes that a plaintiff may contractually assign rights to an EAJA fee to the plaintiff's attorney.  In such a case, the payment of an EAJA award directly to plaintiff, a party who no longer holds any legal right to such an award, is without legal justification.  Rather, the award should be paid directly to the party to whom plaintiff has assigned the right to receive the award, the plaintiff's attorney.  Moreover, to do otherwise would run the risk of unnecessary litigation if plaintiff, upon receiving an award to which plaintiff is no longer entitled, refuses to give that award to plaintiff's attorney despite a contractual assignment of the award.

In the instant case, Patterson' attorney appends to her motion for fees pursuant to

EAJA an agreement between Patterson and her attorney which reads in relevant part, "If this matter is appealed to Federal Court, I hereby assign any EAJA fee to my attorneys." Patterson has signed the agreement.  The court concludes, therefore, that Patterson's attorney, Marcia Margolius, is entitled to receive any EAJA fees awarded in this case as Patterson's assignee.[1]

For the reasons given above, the court awards $1,950.00 in attorneys fees pursuant to EAJA in this case.  On the basis of the assignment in the record, the award should be payable to Patterson's attorney, Marcia W. Margolius.

**IT IS SO ORDERED.**


Date:  August 11, 2010                     /s/Nancy A. Vecchiarelli
                                           Nancy A. Vecchiarelli
                                           United States Magistrate Judge

---

[1] The Commissioner has not made any argument regarding an eventual set-off of money paid pursuant to EAJA, so that issue is not before the court.  It is hornbook law, however, that the assignee stands in the shoes of the assignor and takes an assignment subject to all the defenses and claims that might be asserted by the obligor against the assignee.  *See* E. Allan Farnsworth, Contracts, 2d ed. (Little, Brown 1990).